UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY LLOYD KALSO, | No. 2:24-cv-0754 WBS SCR P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BUTTE COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff, a former county inmate proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis ("IFP"). For the reasons set forth below, the court grants plaintiff's motion to proceed IFP and recommends the complaint be dismissed without leave to amend.

**IN FORMA PAUPERIS**

When he filed this action, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. §1915(a) to proceed IFP. However, on March 28, 2024, plaintiff filed a change of address in another case in this court showing that he is no longer incarcerated. See Kalso v. Butte County Superior Court, 2:24-cv-0653-JDP (E.D. Cal., ECF No. 8). Typically in this situation, the court requires the former inmate to either pay the filing fee or submit an application to proceed IFP by a non-prisoner. See Witkin v. Cook, No. 2-20-cv-2355 DJC DB P, 2023 WL 5833091, at *2 (E.D. Cal. Aug. 29, 2023) (collecting cases). Because the court finds

1

1  below that this action should be dismissed without leave to amend and in the interests of judicial
2  efficiency, this court will not require plaintiff to pay the filing fee or submit a new IFP application
3  at this time.  Should the district court decline to adopt this court's recommendation that this action
4  be dismissed, plaintiff will then be required to pay the filing fee or submit a new IFP application.

**SCREENING**

I.     **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

1  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
2  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
3  　　　　　Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an
4  actual connection or link between the actions of the defendants and the deprivation alleged to
5  have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978);
6  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by
7  alleging facts showing: (1) a defendant's "personal involvement in the constitutional
8  deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly
9  refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should
10 have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202,
11 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

12 　　**II.　　Discussion**
13 　　　　**A. Plaintiff's Allegations**
14 　　　　When he filed this action, plaintiff was incarcerated at the Butte County Jail ("Jail").
15 Plaintiff identifies the Jail and the Butte County Sheriff's Department as defendants.  Plaintiff
16 alleges that the Jail misused its Inmate Welfare Fund.  Plaintiff references the high cost of canteen
17 items as a result of the misuse.  Plaintiff asks the court to investigate the issue.  Attached to the
18 complaint is a copy of a 2015 letter from the American Civil Liberties Union ("ACLU") to the
19 Butte County Board of Supervisors regarding the use of the Inmate Welfare Fund.  (ECF No. 1 at
20 10-13.)  The ACLU argued that the County's intended use of those funds violated state law.

21 　　　　**B. Does Plaintiff State a Claim for Relief under §1983?**
22 　　　　Plaintiff fails to state any claims for relief cognizable under §1983.  To the extent plaintiff
23 is contending defendants' actions violated a criminal statute, he does not state a claim for relief.
24 A violation of a federal criminal statute does not provide for a private right of action simply
25 because a party claims he has been affected by its alleged violation.  See Retanan v. California
26 Dep't of Correction & Rehab., No. 1:11-cv-1629-GBC PC, 2012 WL 1833888, at *5 (E.D. Cal.
27 May 18, 2012).  To the extent plaintiff is contending defendants' actions violated state law,
28 plaintiff is advised that violations of state law do not state a claim under section 1983.  See Paul

3

v. Davis, 424 U.S. 693 (1976); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. If plaintiff is contending defendants' actions violated his federal constitutional rights, plaintiff points to no legal basis for that claim and this court is aware of none. The only injury plaintiff references is paying too much for canteen items. Plaintiff does not have a constitutional right to purchase items from the canteen, much less a right to purchase those items at a certain price. See Merrick v. Shinn, 846 F. App'x 573, 574 (9th Cir. 2021) (district court properly dismissed claims based on prisoner's "inability to purchase items at the prison store as well as the prices at the prison store because there is no constitutional right to purchase prison canteen products.") (citing Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996))); Godoy v. Horel, No. C 09-4793 PJH, 2010 WL 890148, at *3 (N.D. Cal. Mar. 8, 2010) (citing Keenan, 83 F.3d at 1092), aff'd, 442 F. App'x 326 (9th Cir. 2011).

## CONCLUSION

The court finds plaintiff fails to state any plausible claims for relief under §1983. His complaint should be dismissed. The question is whether dismissal should be with, or without, leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Plaintiff's grievance against defendants cannot establish any plausible claims under §1983 as a matter of law and amendment would be futile. Plaintiff cannot demonstrate jurisdiction under §1983 for defendants' alleged violations of state law. And plaintiff's complaints about the

jail's canteen would not rise to a constitutional level under any additional facts plaintiff might plead. Because plaintiff has failed to allege facts that might show a violation of his federal rights, this action should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend for plaintiff's failure to state a claim for relief.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE